IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRISON MCKINLEY MORRIS, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-3616 |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                    **January 22, 2020**

Plaintiff Harrison McKinley Morris, Jr. commenced this action to appeal the decision of an Administrative Law Judge to deny him disability benefits. After granting Morris's motion to proceed in forma pauperis, the Court ordered Morris in five separate orders, to file a motion to refer his case to the attorney panel, to file a brief in support of his request for review, or to show cause why this case should not be dismissed for failure to prosecute. To date, Morris has not complied with the Court's orders. As a result, the Court will dismiss this case for failure to prosecute.

**BACKGROUND**

On August 23, 2018, Morris filed his Complaint and motion to proceed in forma pauperis. After granting Morris's motion, the Court directed service upon the Commissioner of Social Security. On November 5, 2018, the Commissioner filed her answer to the Complaint.

Morris also filed a motion for appointment of counsel. On November 26, 2018, the Court denied the request and directed the Clerk of Court to mail Morris a form motion for appointment of an attorney in a social security case. *See* Order, Nov. 26, 2018, ECF No. 10. The Court also ordered Morris to file the form motion within 21 days of the order so his case could be referred to the attorney panel for social security cases. Morris did not comply with this Order.

On September 10, 2019, after ten months without any activity in this case, the Court ordered Morris to file his brief and statement of issues in support of his request for review. *See* Order, Sept. 10, 2019, ECF No. 12. Morris did not comply with this Order. On November 12, 2019, the Court again ordered Morris to file his brief and statement of issues in support of his request for review or to show cause why this action should not be dismissed for failure to prosecute. *See* Order, Nov. 12, 2019, ECF No. 13. Morris did not comply with this Order.

On December 5, 2019, the Court granted Morris a final extension to file a brief and statement of issues in support of his request for review or to show cause why his case should not be dismissed. *See* Order, Dec. 5, 2019, ECF No. 14. In response, Morris submitted a letter requesting an extension of time. *See* Letter Request, Dec. 10, 2019, ECF No. 15. On December 12, 2019, the Court granted Morris another extension to file his brief and statement of issues in support of his request for review. *See* Order, Dec. 12, 2019, ECF No. 16. The Court also directed the Clerk to mail a new form motion for appointment of attorney to Morris at his address listed on the docket. In accordance with the Court's December 12, 2019, Order, Morris had until January 10, 2020, to file his brief and statement of issues in support of his request for review or to file a motion for appointment of an attorney. To date, Morris has taken no further action to proceed with this case.

**DISCUSSION**

Federal Rule of Civil Procedure 41 permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

relief"). Before dismissing a case as a sanction for a party's litigation conduct, a court is required to evaluate the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

Dismissal of this case is warranted, even without evaluating the *Poulis* factors because adjudication of this case is impossible. As this is a social security appeal, Morris's Complaint is a form document which merely states that he seeks judicial review of an adverse decision of the Acting Commissioner. Morris has never submitted a brief identifying the specific findings he contends are not supported by substantial evidence and any evidentiary, administrative, or legal errors he wishes to challenge. As a result, this Court has no way of knowing what issues Morris wishes the Court to review, making it impossible for this Court to adjudicate his appeal.

Even assuming a *Poulis* analysis is required, the Court finds dismissal is appropriate. Four of the six *Poulis* factors weigh in favor of dismissal, and only one of the factors weighs against dismissal.

The first *Poulis* factor—personal responsibility—weighs in favor of dismissal. In this action, Morris has proceeded pro se and his failure to comply with the Court's orders is attributable only to him. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (stating pro se plaintiff is responsible for his or her own failure to comply with court's orders).

3

The second factor—prejudice to the defendant—weighs slightly in favor of dismissal. The Commissioner has submitted her answer to the Complaint but is unable to respond to Morris's claims without a brief and statement of issues. The Commission has thus suffered some prejudice in the continuous delay of the resolution of this matter. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002) (stating defendant was prejudiced by continuous delays).

Third, Morris has displayed a pattern of dilatoriness in this case, which weighs in favor of dismissal. After commencing this action, Morris has routinely failed to take affirmative steps to litigate this case or obtain a lawyer by filing a form motion. On five separate occasions, Morris has further failed to comply with the Court's orders directing him to file a brief, file a motion for an attorney, or show cause. *See Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders."). This factor therefore weighs in favor of dismissal.

The fourth *Poulis* factor—willfulness or bad faith conduct—weighs against dismissal. As noted, this Court has given Morris ample opportunity to file a brief and statement of issues in support of his request for review. The Court has also provided Morris with form motions to request an attorney. Despite this Court's repeated directions and warning that failure to comply may result in dismissal, Morris has failed to act. Nonetheless, "[a] lengthy delay reflects 'inexcusable negligent behavior,' but that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 135 (3d Cir. 2019) (internal citations omitted). Morris's failure cannot be regarded as willful and this factor weighs against dismissal.

Fifth, although the Court could issue fines or costs as sanctions for Morris's failure to comply, given Morris's pro se status and failure to participate in this case since filing his

Complaint, this Court does not believe a monetary sanction, or any other sanction short of dismissal, would be appropriate. Therefore, the fifth *Poulis* factor—the effectiveness of sanctions other than dismissal—weighs in favor of dismissal.

The final *Poulis* factor—the meritoriousness of Morris's claims—is neutral. Given that the Court only has Morris's Complaint to determine the merits of his appeal, the Court cannot adequately do so without a brief and statement of issues.

As the Third Circuit has noted, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (citation omitted). Accordingly, with four *Poulis* factors weighing in favor of dismissal, the Court finds dismissal is appropriate.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.